IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JUDITH A. BARBAGALLO and )
NANCY J. YOST, )
 )
    Plaintiffs, )
 )
    v. )    1:04CV00839
 )
JOHN E. POTTER, Postmaster )
General, United States Postal )
Service (Eastern Area), )
 )
    Defendant. )

MEMORANDUM OPINION

OSTEEN, District Judge

    Plaintiffs Judith A. Barbagallo and Nancy J. Yost (collectively, "Plaintiffs") filed this action against John E. Potter, Postmaster General of the U.S. Postal Service ("Defendant"), seeking relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") for claims of unlawful hostile work environment and retaliation by their employer. Before this court are Defendant's Motions to Dismiss for Failure to State a Claim (Statute of Limitations), to Dismiss First and Third Claims or, in the alternative, for Partial Summary Judgment (Failure to State a Claim and Failure to Exhaust Administrative Remedies), and to Allow Supplemental Exhibits.

Defendant has filed Federal Rule of Civil Procedure 12(b)(6) motions.  In filing briefs for and against Defendant's motions to dismiss, the parties attached exhibits.  Such documents are not pleadings.  <u>See</u> Fed. R. Civ. P. 7(a).  "If . . . matters outside the pleading [that sets forth the initial claim] are presented to and not excluded by the court, the [12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  Fed. R. Civ. P. 12(b).  Thus, the court will treat Defendant's motion to dismiss as a summary judgment motion.

For the reasons stated below, the court will grant the Motion to Dismiss (Statute of Limitations).  The court will deny the Motion to Dismiss First and Third Claims and the Motion to Allow Supplemental Exhibits because they are moot.

I.   **BACKGROUND**

Plaintiffs were employed as part-time employees at the Southern Pines Post Office in Southern Pines, North Carolina.  In February 1996, Plaintiffs contacted an Equal Employment Opportunity ("EEO") counselor because of comments and actions from coworkers.  Plaintiffs claimed their employer discriminated against them, sexually harassed them based on "perceived sexual orientation," and retaliated based on their EEO actions.  (Def.'s Mem. Support Mot. Dismiss at 2.)  After Plaintiffs exhausted administrative remedies, their attorney received a right-to-sue letter on January 16, 2004, from the EEO Commission ("EEOC").

2

The EEOC mailed the letter on January 14, 2004. Plaintiffs filed this action on April 16, 2004.

**II.  STANDARD OF REVIEW**

Summary judgment is appropriate when an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrates that there is no genuine issue of material fact, thus entitling the moving party to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552 (1986).  If the moving party has met that burden, the nonmoving party must then persuade the court that a genuine issue remains for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356 (1986).  However, there must be more than just a factual dispute; the fact in question must be material, and the dispute must be genuine.  <u>See</u> Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  Although the court must view the facts in the light most favorable to the nonmovant, <u>see</u> <u>Anderson</u>, 477 U.S. at 255, 106 S. Ct. at 2513, "bare allegations unsupported by legally competent evidence do not give rise to a genuine dispute of material fact."  <u>Solis v. Prince George's County</u>, 153 F. Supp. 2d 793, 807 (D. Md. 2001).  Summary judgment should be granted unless a reasonable jury could return a verdict in favor of the nonmovant on the evidence presented.  <u>McLean v. Patten Cmtys.</u>,

3

Case 1:04-cv-00839-WLO   Document 20   Filed 10/04/05   Page 3 of 7

Inc., 332 F.3d 714, 719 (4th Cir. 2003) (citing Anderson, 477 U.S. at 247-48, 106 S. Ct. at 2509-10).

**III. ANALYSIS**

This section first discusses the law governing the applicable statute of limitations triggered by receipt of the right-to-sue letter. It next applies that law to the present facts.

    A.   The Statute of Limitations

When the EEOC dismisses charges filed by a complaining party, the EEOC must send a right-to-sue letter to that party. "[W]ithin ninety days after . . . [issuing the right-to-sue letter,] a civil action may be brought" by the employee against the employer in federal court. 42 U.S.C. § 2000e-5(f)(1). This statute creates a ninety-day statute of limitations in which the employee may file a federal court claim. Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993). Thus, "the right to bring suit under Title VII is lost, absent grounds for equitable tolling, by a failure to file within the ninety-day period." Dixon v. Digital Equip. Corp., No. 92-1483, 1992 WL 245867, at *1 (4th Cir. Sept. 30, 1992). Equitable tolling, although rarely invoked, occurs when EEOC misconduct or mishandling leads to a delay in plaintiff's filing. Grey v. Henderson, 169 F. Supp. 2d 448, 451-52 (M.D.N.C. 2001). The parties do not argue for equitable tolling, and no facts present

4

in the pleadings, briefs, or affidavits support tolling.  Thus, the issue is when the ninety-day period begins.

The triggering date is when the attorney, if the employee designates an attorney as his representative, "receives" the right-to-sue letter.  29 C.F.R. § 1614.605(d) ("[T]ime frames for receipt of materials shall be computed from the time of receipt by the attorney.").  The Fourth Circuit applies a case-by-case analysis in determining when the attorney's receipt occurs.  See Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987).  When the facts show that the actual date of receipt is known and undisputed, the ninety-day period is counted from that actual date of receipt.  Nguyen v. Inova Alexandria Hosp., No. 98-2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) ("[I]f the actual date of receipt is confirmed by evidence, that date governs.").

In their Response to Defendant's Motion, Plaintiffs argue that a Sixth Circuit rule determines when "receipt" occurs.  In the Sixth Circuit, the ninety-day period runs from "the fifth day following the EEOC's mailing of a [right-to-sue] . . . notification" unless the plaintiff proves she actually received the letter after the five days.  Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir. 2000).  Plaintiffs, however, do not show that the Fourth Circuit has adopted this rule.

5

Plaintiffs also do not explain how the Sixth and Fourth Circuit rules can be reconciled under the case facts. In this case, Plaintiffs' attorney actually received the right-to-sue letter two days after mailing, a fact that is confirmed by undisputed evidence. The Fourth Circuit deems that day to be the start of the period. Under the Plaintiffs' interpretation of Sixth Circuit law, however, the court should presume delivery occurred five days after mailing even if the attorney actually received the letter before that date. The two rules, thus, conflict, which Plaintiffs neither explain nor resolve. Accordingly, the binding Fourth Circuit rule, not the Sixth Circuit rule, guides this court.

B. Application

Plaintiffs' complaint asserts that their attorney received a right-to-sue letter on January 16, 2004, and Plaintiffs actually received their letter sometime thereafter. Plaintiffs do not contest that they appointed their attorney as their representative for EEOC proceedings. Since the day the appointed attorney received the letter triggers the ninety-day period, only the attorney's receipt is dispositive.

Moreover, the known and undisputed date of receipt, January 16, 2004, triggers the ninety-day period. Ninety days from January 16, 2004, is April 15, 2004. Plaintiffs filed this action on April 16, 2004, which is ninety-one days from receipt

6

of the right-to-sue notice.  Thus, this current action is not timely, and the court grants Defendant's Motion to Dismiss (Statute of Limitations).

**IV. CONCLUSION**

For the reasons set forth herein, the court will grant Defendant's Motion to Dismiss (Statute of Limitations).  The court will deny Defendant's Motion to Dismiss First and Third Claims and Defendant's Motion to Allow Supplemental Exhibits because those motions are moot.  A judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 4th day of October 2005.

```
                              _____
                                United States District Judge
```

7